IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:22-CR-00054-JCB-JDL |
| vs. | § § § § | |
| SOLOMON MORRIS (1) | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On December 1, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offenses of Possession of a Stolen Firearm, a Class C felony, Solomon Morris was sentenced on October 10, 2023, by United States District Judge J. Campbell Barker. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of II, was 21 to 27 months. The Court sentenced Defendant to imprisonment for a term of 41 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure and drug aftercare. Defendant completed his term of imprisonment and started his term of supervised release on December 12, 2024.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on November 4, 2025, United States Probation Officer Laura Palafox alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens on February 28, March 3, July 25, August 1, August 25, September 3, and October 21, 2025, that tested positive for marijuana. Lab results confirmed the positive tests.

2. **Allegation 2 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If the defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so. If the defendant plans to change where he works or anything about his work (such as his positive or his job responsibilities), he must notify the probation officer at least 10 days prior to the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant was terminated from his employment on January 31, 2025, and he failed to notify the probation officer of his change in employment.

3. **Allegation 3 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program.** It is alleged that Defendant failed to participate in substance abuse counseling as directed on June 13, 2025 and June 20, 2025.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, submitting urine specimens that tested positive for marijuana, failing to notify the probation officer of a change in his employment, or failing to participate in substance abuse treatment, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 4 to 10 months.

### *Hearing*

On December 1, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition. The parties did not reach an agreement on a recommended sentence. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. The parties then presented evidence and arguments concerning an appropriate sentence. Defendant requested a downward variance of a term to be served in the half-way house instead of a term of imprisonment. If a sentence of imprisonment is imposed, Defendant requested a recommendation to the Bureau of Prisons for designation at FCI Texarkana. The

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Government recommended a sentence of imprisonment for a term of 9 months to be followed by a 1-year term of supervised release.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months, to be followed by a 1-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months, to be followed by a 1-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months, to be followed by a 1-year term of supervised release.

So ORDERED and SIGNED this 2nd day of December, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE